UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DEBORAH STEWART,**
    **PLAINTIFF**

Case Nos. C-1-04-721
(Consol. with: C-1-05-183)
(HOGAN, M.J.)

**VS.**

**THE PROCTOR & GAMBLE COMPANY, ET AL.,**
    **DEFENDANTS**

**ORDER**

Before the Court are the Defendant, Employees' Representation Association's (ERA) Motion for Summary Judgment (Doc. 46), Plaintiff's Memorandum in Opposition (Doc. 47) and Defendant's Reply (Doc. 51). On February 17, 2005, the parties consented to final disposition of this action by the undersigned United States Magistrate Judge. (Doc. 15). Plaintiff is proceeding *pro se* and has a medical condition, which we shall refer to as a diminished ability to hear.

**OPINION**

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment

has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## **PLAINTIFF'S HYBRID § 301 CLAIM**

Both Plaintiff and Defendant agree that Plaintiff was terminated from her employment at Proctor & Gamble's (P&G) Ivorydale branch on February 28, 2003. In January, 2003, P&G required all manufacturing technicians working at Ivorydale to undergo medical testing for the purpose of disclosing medical conditions that would impact emergency hazardous material rescues that each might have to perform. Plaintiff, who wears hearing aids in both ears, failed the medical test and was terminated. Prior to her termination, Plaintiff filed a grievance with Defendant ERA and after her termination, ERA decided to pursue arbitration on her behalf. It is true that the scheduling of the arbitration was delayed, but Plaintiff ultimately decided not to pursue arbitration. (*See* Doc. 46, Ex. C, Affidavit of Steve Lighthall, P&G Union Representative).

Although this Court must refrain from offering legal advice to any litigant, it did point out

to the pro se Plaintiff that her Union would be on her side in an arbitration against P&G, while pursuing her hybrid 301 claim against both her former employer and her Union would necessarily put herself and her Union in adversarial positions. The Court also cautioned Plaintiff to seek legal advice before she decided to abandon her previously-expressed desire to arbitrate.

A claim under § 301 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 185(a) is the consolidation of two separate yet interdependent actions, first being against the employer for breach of the Collective Bargaining Agreement and the second being against the union for breach of its duty of fair representation. Where Plaintiff asserts a hybrid § 301 claim, the action implicates the interrelationship among union members, their union, and their employer. Section 301 of the NLRA vests jurisdiction in the federal district courts over "[s]uits for violation of contracts between an employer and a labor organization." Although such a cause of action is not expressly set forth in the statute, the courts have allowed actions known as "hybrid 301" suits, in which an individual union member may bring an action for breach of a collective bargaining agreement between the employee's union and the employer. A plaintiff employee in a hybrid 301 suit must prove both that the employer's action violated the terms of the collective bargaining agreement and that the union breached its duty of fair representation with regard to the matter. *Vaca v. Sipes*, 386 U.S. 171, 186 (1967); *see also Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 570-71 (1976); *Bagsby v. Lewis Bros. Inc. of Tennessee*, 820 F.2d 799, 801 (6th Cir. 1987). A union's duty to represent all members fairly is judicially created, implied from its statutory authority as their exclusive bargaining representative. *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953). Thus, the successful prosecution of a hybrid § 301 claim requires the Plaintiff to prove both that her employer violated some provision of the collective bargaining agreement between P&G and ERA and that ERA breached its duty of fair representation to Plaintiff. Defendant, of course, would like to assert P&G's defenses, as well as its own. In this case, we prefer to hear only ERA's side, since P&G has competent counsel who is certain to outline P&G's position in a similar filing.

ERA asserts initially that both of Plaintiff's hybrid § 301 claims are barred by the applicable statute of limitations. The limitations period is six months. *Del Costello v. Int'l Brotherhood of Teamsters, 462 U.S. 151 (1983).* Plaintiff's two Complaints, one filed on February 18, 2005 and the other on June 16, 2005 both reference the date of February 28, 2003 or

events that occurred prior to that date.  In either case, more than six months elapsed between the date the cause of action accrued and the date Plaintiff's Complaints were filed.  This fact alone justifies the granting of Defendant's Motion for Summary Judgment.

ERA also asserts and produces evidentiary materials to demonstrate that ERA filed a grievance on Plaintiff's behalf and after the grievance was denied by P&G, scheduled an arbitration in May, 2005.  Plaintiff lost faith in the process and decided to abandon the arbitration process.  Plaintiff seems to argue that ERA failed to request arbitration within the guidelines set forth in the collective bargaining agreement, but that failure cannot serve as a breach of ERA's duty of fair representation because P&G scheduled an arbitration date and Plaintiff's failure to exhaust her grievance and arbitration procedures prevented any decision on the merits.  Plaintiff's obligation was to assist her Union representative in presenting her grievance, not to subvert the Union's efforts by abandoning her claim.  There is simply no evidence that ERA breached the duty of fair representation.  *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65.

For the reasons stated above, Defendant ERA's Motion for Summary Judgment (Doc. 46) is granted under consolidated case C-1-04-721 with respect to Plaintiff's hybrid § 301 claim.

## PLAINTIFF'S CLAIM FOR SEX DISCRIMINATION AND RETALIATION

Plaintiff alleges that Defendant ERA discriminated and retaliated against her by not pursuing her grievance.  Assuming for the moment that Plaintiff has demonstrated a prima facie case against P&G, her former employer, and that she had filed her EEOC charge within 300 days, her Union, Defendant ERA, would remain in the case if P&G's violation of the collective bargaining agreement was known to the Union and the wrong to Plaintiff was not addressed.  However, it remains undisputed that ERA agreed to take Plaintiff's case to arbitration and was attempting to schedule an agreed arbitration date when Plaintiff declined to pursue her arbitration rights in favor of litigation against her Union and former employer.  By doing so, she failed to exhaust her administrative remedies and obstructed or prevented the possible resolution of her claim through arbitration.

## PLAINTIFF'S CLAIM OF UNFAIR LABOR PRACTICES

Plaintiff asserts that Defendant ERA failed to bargain in good faith with her former employer and that there was a conspiracy or as Plaintiff, stated, "malicious collusion" between the two.  Again, assuming that there was a basis to create a factual question in that regard, the Court would lack subject matter jurisdiction over such a claim.  The National Labor Relations Board would have exclusive jurisdiction.  *See* 29 U.S.C. Section 158(a)(5).

## CONCLUSION

It is clear to this Court that Plaintiff has not, and cannot, demonstrate that a factual question exists relative to Defendant ERA's alleged breach of the duty of fair representation.  **IT IS THEREFORE ORDERED THAT** Defendant ERA's Motion for Summary Judgment (Doc. 46) be GRANTED in accordance with the Court's decision herein and Plaintiff's Complaint, as it pertains to Defendant Employees' Representation Association, be DISMISSED.

s/Timothy S. Hogan

March 15, 2007

Timothy S. Hogan
United States Magistrate Judge

J:\HOGANTS\stewart-era2.wpd

5

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☒ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Deborah Stewart
1438 Windsong
Mason, OH 45040

4a. Article Number

7002 0860 0006 5230 5608

4b. Service Type
- ☐ Registered          ☒ Certified
- ☐ Express Mail        ☐ Insured
- ☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery

5. Received By: (Print Name)

8. Addressee's Address (Only if requested and fee is paid)

6. Signature: (Addressee or Agent)
X

PS Form 3811, December 1994        102595-97-B-0179     Domestic Return Receipt

1:04cv721   Doc. 75